THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BODIED BY BELLA BOUTIQUE, a Florida limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>BODYED BY BELLA, a North Carolina limited liability company,<br><br>           Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [11] MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:21-cv-693<br><br>District Judge David Barlow |

     Plaintiff commenced this action against Defendant on November 23, 2021, asserting several trademark infringement and unfair competition related claims.[1] Because Defendant has not appeared, a certificate of default was entered against it on March 30, 2022.[2] Plaintiff now moves for default judgment against Defendant.[3] Defendant has still not appeared.

     Because Plaintiff is a Florida limited liability company, and Defendant is a North Carolina limited liability company, the court ordered Plaintiff to provide further briefing as to whether the court may exercise personal jurisdiction over Defendant.[4] Plaintiff responded on July 14, 2022.[5] Plaintiff argues that the court may exercise specific personal jurisdiction over Defendant because Defendant has established the constitutionally required minimum contacts

---

[1] *See* ECF No. 2.

[2] ECF No. 10.

[3] ECF No. 11.

[4] ECF No. 12.

[5] ECF No. 13.

with Utah.[6] According to Plaintiff, those minimum contacts are present because Defendant's

website is interactive and allows Utah citizens to purchase products containing infringing marks

and have them shipped to Utah.[7] Plaintiff also argues that exercising personal jurisdiction over

Defendant is proper because it comports with traditional notions of fair play and substantial

justice.[8] As Plaintiff sees it, Defendant should reasonably expect to be haled into court in any

state to which they offer to sell and ship infringing products.[9]

Plaintiff is correct that this court may exercise personal jurisdiction over Defendant so

long as (1) Defendant has purposefully established "minimum contacts" with Utah and (2) the

exercise of personal jurisdiction "would comport with 'fair play and substantial justice.'"[10]

However, with the evidentiary record as it presently stands, Plaintiff has not adequately

established that the court has personal jurisdiction over Defendant.

The only "contacts" between Defendant and Utah that Plaintiff has identified is the fact

that Defendant's website allows individuals in Utah to purchase products bearing infringing

marks and have them shipped here. However, Plaintiff has not identified any case in which a

court found personal jurisdiction over a defendant based on such contacts alone. And the cases

Plaintiff did cite to support its personal jurisdiction contentions are distinguishable from this one.

In *System Designs, Inc. v. New Customware Company, Inc.*,[11] the fact that the plaintiff

was a Utah corporation was significant to the court's finding personal jurisdiction over the

---

[6] *Id.* at 3–5.

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). Utah's long-arm statute extends personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. Utah Code § 78B-3-201(3).

[11] *Sys. Designs, Inc. v. New Customware Co.*, 248 F. Supp. 2d 1093 (D. Utah 2003).

defendant. Because the owner of the allegedly infringed trademark was based in Utah, the defendant knew, or should have known, that the harmful effects of its infringement "would be felt in Utah."[12] And because "Utah ha[d] a significant interest in resolving a dispute regarding a trademark used by a Utah company" and the plaintiff "ha[d] a significant interest in receiving convenient and effective relief in its home state," it was just and fair to hale the defendant into court in Utah. [13] Because there is no evidence that Plaintiff or Defendant has any ties to Utah, such considerations are absent here.

Further, even though *The Neck Hammock, Inc. v. Danezen.com*[14] and *Edizone, LLC v. Asia Focus International Group, Inc.*[15] did not involve any Utah-based entities, like this case, the court found personal jurisdiction in those cases on a more robust evidentiary record than Plaintiff has produced here. Specifically, the plaintiffs in those cases were able to show that the defendants had actually sold and shipped numerous infringing products to individuals in Utah.[16] While Plaintiff has produced evidence showing that Defendant offers to ship products to Utah, it has produced no evidence, or even alleged, that Defendant has actually sold any products to customers in Utah.[17] And in the absence of such evidence, Plaintiff has failed to identify any basis for the court to find that its alleged injury arose from the activities that were directed

---

[12] *Id.* at 1099–100

[13] *Id.* at 1104.

[14] *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598 (D. Utah Oct. 29, 2020).

[15] *Edizone, LLC v. Asia Focus Int'l Grp., Inc.*, 196 F. Supp. 3d 1222 (D. Utah 2016).

[16] *The Neck Hammock*, 2020 WL 6364598, at *6 (noting that the defendants had sold at least 132 infringing products to Utah customers); *Edizone*, 195 F. Supp. 3d at 1226–27 (noting that the defendant had sold 37 infringing products to Utah customers).

[17] *See* ECF No. 13 at 4–5

toward, or occurred in, this forum sufficient to support a finding of personal jurisdiction over Defendant.[18]

In summary, Plaintiff has not shown that Defendant's creation of a website through which citizens of Utah may purchase its allegedly infringing products alone provides grounds for the court to exercise personal jurisdiction over Defendant. Because Plaintiff has not met its burden of showing that the court has personal jurisdiction over Defendant,[19] the court cannot enter default judgment against Defendant at this time, and Plaintiff's motion for default judgment must be denied.[20]

However, Plaintiff has asked that "if the Court believes that personal jurisdiction is still wanting" that it be allowed to engage in limited jurisdictional discovery and file an amended complaint and supplemental brief on the personal jurisdiction issue. The court finds such a request reasonable and proper under the circumstances. Therefore, Plaintiff's request to engage in limited jurisdictional discovery is granted.

## ORDER

For the foregoing reasons, Plaintiff's motion for default judgment[21] is DENIED WITHOUT PREJUDICE. Plaintiff's request in the alternative to engage in limited discovery regarding the existence of personal jurisdiction over Defendant is GRANTED.

---

[18] *See Old Republic*, 877 F.3d at 904 ("The minimum contacts test for specific jurisdiction encompasses two distinct requirements: (i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) *that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities*.'" (emphasis added) (alteration in original) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239–40 (10th Cir. 2011))).

[19] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) ("The plaintiff has the burden of establishing personal jurisdiction.").

[20] *Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant." (quoting *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008))).

[21] ECF No. 11.

Signed July 18, 2022.

BY THE COURT

_____

David Barlow
United States District Judge