THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BODIED BY BELLA BOUTIQUE LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BODYED BY BELLA LLC, a North Carolina limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [17] RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:21-cv-00693<br><br>District Judge David Barlow |

Before the court is Plaintiff's Renewed Motion for Default Judgment.[1] Plaintiff Bodied by Bella LLC requests that this court enter default judgment against Defendant Bodyed By Bella LLC. Having reviewed the briefing, Plaintiff's Complaint, and relevant law, the court DENIES Plaintiff's motion.

## UNCHALLENGED FACTS[2]

Plaintiff Bodied by Bella Boutique, LLC is a Florida limited liability company.[3] Plaintiff is a well-established and recognized manufacturer and seller of beauty creams, waist trainers, contour belts, shapewear, accessories, apparel, and assorted beauty/body products and services.[4]

Plaintiff has used the BODIED BY BELLA Mark in commerce throughout the United States continuously since March 1, 2010, in connection with the manufacture, distribution,

---

[1] ECF No. 17, filed October 17, 2022.
[2] A failure to deny a well-pleaded allegation, other than an allegation of damages, constitutes an admission of the fact. Fed. R. Civ. P. 8(b)(6). Accordingly, considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint. See *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished).
[3] Amended Compl. ¶ 3, ECF No. 16.
[4] *Id.* at ¶¶ 3, 9.

offering for sale, sale, marketing, advertising, and promotion of shapewear, beauty creams, beauty services, and body care.[5] Plaintiff's BODIED BY BELLA Mark is distinctive to both the consuming public and Plaintiff's trade.[6] Plaintiff has spent considerable time, resources, and expense in building the goodwill in this trademark, as well as on the quality of its products and reputation of its brand.[7] As a result of Plaintiff's longstanding use and advertising, the public has come to associate the Marks exclusively with products emanating from Plaintiff.[8]

Plaintiff is the owner of valid and subsisting United States Registration No. 6182358 on the Principal Register in the United States Patent and Trademark Office for the BODIED BY BELLA Mark for beauty creams. Plaintiff also is the owner of United States Registration No. 6,670,087 on the Principal Register in the United States Patent and Trademark Office for the BODIED BY BELLA Mark for beauty spa services, namely, cosmetic body care.[9] It has applied for the following trademarks: application Serial No. 90096702 for "BODIED BY BELLA" for shapewear including corsets and waist trainers, application Serial No. 90211798 for a sound mark, and application Serial No. 90517408 for "BODIED BY BELLA" for shapewear including waist trainers and corsets.[10]

Defendant Bodyed by Bella LLC is a North Carolina limited liability company.[11] Defendant engages in the same business as Plaintiff.[12] Defendant does business in Utah and

---

[5] *Id.* at ¶ 12.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 15.
[8] *Id.* at ¶ 16.
[9] *Id.* at ¶ 10.
[10] *Id.* at ¶ 11.
[11] *Id.* at ¶ 4.
[12] *Id.*

throughout the United States.[13] Defendant offers to ship products to Utah through the domain located at https://bodyedbybella.com and has sold and shipped product to individuals in Utah.[14]

Without Plaintiff's authorization, Defendant adopted and began using the Bodyed by Bella mark in United States commerce, and in the same trade channels as Plaintiff and on similar products.[15] Defendant has done this with knowledge of Plaintiff's prior rights in the BODIED BY BELLA Mark and with the intent to cause confusion and trade on Plaintiff's goodwill.[16]

On May 13, 2021, Plaintiff's counsel sent a cease-and-desist letter to Defendant objecting to Defendant's use of the Bodyed by Bella mark.[17] On November 23, 2021, Plaintiff filed the complaint ("Original Complaint") in this court.[18] On March 28, 2022, Plaintiff moved for Entry of Default against Defendant.[19] After the default certificate was entered on March 30, Plaintiff moved for default judgment on June 28, 2022.[20] Subsequently, the court requested additional briefing on the grounds for its exercise of personal jurisdiction over Defendant.[21] Plaintiff provided briefing[22] and the court denied its motion for default judgment but granted it leave to engage in limited discovery regarding the existence of personal jurisdiction over Defendant.[23] On August 25, 2022, Plaintiff filed a supplemental brief on personal jurisdiction.[24] It also filed an amended complaint ("Amended Complaint").[25] On October 17, 2022, Plaintiff filed this renewed motion for default judgment.[26] The court requested Plaintiff show cause as to why it did

---

[13] *Id.* at ¶ 6.
[14] *Id.*
[15] *Id.* at ¶¶ 18, 20.
[16] *Id.* at ¶ 28.
[17] *Id.* at ¶ 22.
[18] ECF No. 2.
[19] ECF No. 7.
[20] ECF No. 11.
[21] ECF No. 12.
[22] ECF No. 13.
[23] ECF No. 14.
[24] ECF No. 15.
[25] ECF No. 16.
[26] ECF No. 17.

3

not serve the amended complaint on Defendant or why service was not required.[27] On November 8, 2022, Plaintiff filed its brief responding to the court's order to show cause.[28] On November 27, 2022, Plaintiff filed proof of service on the docket.[29]

## DISCUSSION

A "district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."[30] This "affirmative duty" requires the court "to look into its jurisdiction both over the subject matter and the parties."[31]

  A.  Subject Matter Jurisdiction

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"[32] Here, Plaintiff asserts a federal trademark infringement claim under 15 U.S.C. § 1114, a federal false designation of origin claim under 15 U.S.C. § 1125(a), a federal unfair competition claim under 15 U.S.C. § 1125(a), a violation of the Utah Deceptive and Unfair Trade Practices Act, and a unfair competition claim under Utah common law.[33]

The U.S. Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[34] Further, under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), this court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights

---

[27] ECF No. 18.
[28] ECF No. 19.
[29] ECF No. 20.
[30] *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997).
[31] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[32] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1240 (2006)).
[33] Amended Compl. 10–14.
[34] 28 U.S.C. § 1331.

and trademarks."[35] These statutes give the court subject matter jurisdiction over Plaintiff's first three causes of action.

As for the remaining two state law claims, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[36] Claims form part of the "same case or controversy" when the "state and federal claims . . . derive from a common nucleus of operative fact."[37]

Here, Plaintiff's state law claims rely on the same facts as the federal claims. Therefore, the court exercises its discretion to assert supplemental subject matter jurisdiction over them.

B. Personal Jurisdiction

"In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment."[38] Because this is a motion for default judgment, the "plaintiff need only make a prima facie showing" of personal jurisdiction.[39]

1. Service

First, the court addresses the adequacy of service in determining whether it has personal jurisdiction over Defendant. Plaintiff's complaint identified Defendant as a limited liability corporation. Therefore, the court analyzes the adequacy of service in the context of Federal Rule of Civil Procedure 4(h). Rule 4(h) provides that service on a corporation, partnership, or

---

[35] 28 U.S.C. § 1338.
[36] 28 U.S.C. § 1367(a).
[37] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).
[38] *Williams*, 802 F.2d at 1203.
[39] *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773.

5

association is adequate if effected "in the manner prescribed by 4(e)(1) . . . or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."[40] Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[41] North Carolina—the "location where service is made"—law provides for service by registered or certified mail, return receipt requested, or "[b]y delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute."[42] Utah law—"where the district court is located"—has similar provisions.[43]

On January 13, 2022, Plaintiff executed service of the Original Complaint on Defendant through certified mail.[44] Defendant's agent signed for it.[45] Therefore, service of the Original Complaint on the Defendant was adequate under Rule 4(h)(1)(a) because it complied with North Carolina (and Utah) law.

---

[40] Fed. R. Civ. P. 4(h)(1)(a)–(b).
[41] Fed R. Civ. P. 4(e)(1).
[42] N. C. R. Civ. P. 4(j)(8).
[43] Utah R. Civ. P. 4(d)(1)(E) ("Upon a corporation . . ., a limited liability company, a partnership, or an unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process and by also mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by statute to receive process and the statute so requires. If no officer or agent can be found within the state, and the defendant has, or advertises or holds itself out as having, a place of business within the state or elsewhere, or does business within this state or elsewhere, then upon the person in charge of the place of business."); id. 4(d)(2)(B) ("The summons and complaint may be served upon an entity . . . by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt.").
[44] ECF No. 6-1.
[45] Id.

On November 9, 2022, Plaintiff executed service of the Amended Complaint on Defendant by serving the North Carolina Secretary of State, purportedly pursuant to North Carolina law.[46] However, North Carolina's code provides that "When an entity required to maintain a registered office and registered agent under G.S. 55D-30 *fails to appoint or maintain a registered agent in this State*, or *when its registered agent cannot with due diligence be found at the registered office*, or when the Secretary of State revokes a certificate of authority . . ., the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served."[47] A quick search on North Carolina's Business Registration page for "Bodyed by Bella LLC" reveals Defendant has a registered agent with a North Carolina address[48]—the same address to which Plaintiff effectuated service of its Original Complaint. Plaintiff has made no averments to this court that it could not find the registered agent at the registered office.[49] Therefore, service of the amended complaint was not pursuant to state law or Federal Rule of Civil Procedure 4(h)(1) and was inadequate. Because the Amended Complaint was not properly served on Defendant, the court now considers whether service of the Amended Complaint was necessary.

Under Rule 5(a)(2) of the Federal Rules of Civil Procedure, "[n]o service is required on a party who is in default for failing to appear," unless the opposing party files a pleading "that asserts a new claim for relief against such a party."[50] "Rule 5(a)(2) ensures that a party, having been served, is able make an informed decision not to answer a complaint without fearing

---

[46] ECF No. 20; *see* N.C.G.S. § 55D-33.
[47] N.C.G.S. § 55D-33(b).
[48] *Business Registration: Search*, North Carolina Secretary of State, https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (last visited Jan. 19, 2023) (entering "Bodyed" in "Searching For:" field, hitting "Search," and then selecting the first result, "Bodyed By Bella LLC").
[49] The only averment Plaintiff made concerning this service was that it "initiated repeated formal service on Defendant with the Amended Complaint. Plaintiff has also served courtesy copies on Defendant's known address and email address." ECF No. 19 at 4.
[50] Fed. R. Civ. P. 5(a)(2).

additional exposure to liability for claims raised only in subsequent complaints that are never served."[51] Therefore, service under Rule 5(a)(2) does not apply where the amended pleading contains only minimal changes and does not assert any new claims.[52]

This brings the court to an examination of the term "claim for relief." Black's Law Dictionary defines a "claim for relief" as "[a] demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for."[53] District courts have found that changes to a pleading constitute a "new claim for relief" when a new party is joined, the demand for judgment is altered,[54] the amount of damages sought is increased, new facts are incorporated,[55] or the party seeks new declarations and injunctions.[56]

Here, Plaintiff avers that "the Amended Complaint contains only three slight alterations to the original complaint: 1) a more detailed description of the Court's jurisdiction over Defendant due to Defendant's sales in Utah, 2) a modification to the damages sought (due to Defendant's failure to appear), and 3) a more specific request regarding enjoinment for the continued use of Defendant's infringing domain."[57]

In reviewing the edits, the court agrees with Plaintiff that the first two categories of changes are not "new claims for relief." The jurisdictional edit includes the allegation that "Defendant offers to ship products to Utah through the infringing domain located at https://bodyedbybella.com (the 'Infringing Domain'). Furthermore, Defendant has sold and

---

[51] *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008).
[52] *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2008).
[53] *Claim*, Black's Law Dictionary (11th ed. 2019).
[54] *Anguelov v. Event Parking, Inc.*, 2017 WL 8790975, at *2 (M.D. Fla. 2017).
[55] *Portillo v. Smith Commons DC, LLC*, 2021 WL 3287741, at *3 (D.D.C. 2021).
[56] *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, 2014 WL 128032, at *5 (D. Colo. 2014).
[57] ECF No. 19 at 3–4.

shipped infringing product to individuals in Utah."[58] This is simply factual development supporting the court's jurisdiction. The edits to the request for damages include a change from a request for "damages in an amount to be proven at trial" to a specific sum of $1,000 and a change to its claim for "all costs and expenses" to a specific sum of $4,937.50.[59] These changes are neither substantial—the $5,937.50 is much less than the $63,000 increase the court found substantial in *Portillo*[60]—nor new claims for relief.

But the same cannot be said for the last category of Plaintiff's changes. In its Original Complaint, Plaintiff did not request an injunction enjoining Defendant from "[e]ngaging in continued use of the Infringing Domain" or for "transfer of the Infringing Domain to Plaintiff." The first time these two forms of relief appear are in Plaintiff's Amended Complaint. While Plaintiff did seek injunctive relief against Defendant in its Original Complaint—enjoining Defendant from using the mark BODYED BY BELLA or designs, from infringing on Plaintiff's rights in the mark, from unfairly competing with Plaintiff, or from using any confusingly similar name or mark—it did not seek to enjoin Defendant from using the domain "https://bodyedbybella.com". And while it sought destruction of infringing products, it did not seek the transfer of any of Defendant's possessions.

The court concludes that these are "new claims for relief." The purpose behind Rule 5(a)(2)—to ensure that a party's decision not to defend a lawsuit is an informed one about its potential liability—counsels the court that the proposed injunction on Defendant's use of its domain and the transfer of the domain are claims for relief about which Defendant must be informed. To enjoin its use of its domain *and* to order Defendant to transfer the domain to

---

[58] Amended Compl. ¶ 6.
[59] *See* Ex. 1 at 34–35, ECF No. 19; Amended Compl. 15–16, ECF No. 16.
[60] *Portillo*, 2021 WL 3287741, at *3.

Plaintiff are different consequences than being enjoined from using the mark and ordered to pay damages. As Plaintiff avers in its complaint, Defendant's business relies on internet sales.[61] If it is enjoined from using the domain and ordered to transfer it, Defendant may not be able to redirect its internet traffic to a different domain. This would foreseeably result in broken links preventing their customers from clicking through to their website, their own internet traffic being redirected to Plaintiff's website, and the loss of whatever internet clout generated by that domain while Defendant used it. Plaintiff's new requests are therefore "claims for relief," and Rule 5(a)(2) required Plaintiff to serve Defendant with the Amended Complaint. Because Plaintiff did not properly serve Defendant the Amended Complaint, the court lacks personal jurisdiction over Defendant and cannot enter default judgment against Defendant.[62]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Default Judgment is DENIED.

Signed January 23, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[61] Amended Compl. ¶ 20.
[62] *See Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant." (quoting *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008))).